IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND / ODESSA DIVISION

| | | |
|---|---|---|
| **ODESSA VENTURES, LLC,** | § § § | |
| *Plaintiff,* | § | |
| v. | § § | CIVIL ACTION NO. 7:23-cv-28 |
| **COLONY INSURANCE COMPANY,** | § § § | JURY DEMAND |
| *Defendant.* | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ODESSA VENTURES, LLC ("Plaintiff") and files this *Plaintiff's Original Complaint and Jury Demand,* and for its causes of action against COLONY INSURANCE COMPANY ("Defendant") would respectfully show unto the Honorable Court the following:

*I. Nature of Action*

1. In the course of the severe winter weather in February, 2021, Plaintiff suffered water damage resulting from multiple broken pipes due to freezing to apartment complexes owned by Plaintiff located at 5050 Tanglewood Lane, Odessa, Texas ("Woodlands") and 4100 East 50th Street, Odessa, Texas ("Windchase").

2. Plaintiff had in place a commercial property insurance policy (the "Policy") with Defendant, policy number HHC 2000240 01, for which it had paid $138,261.90 annually.

1

3. The Policy provided Plaintiff with coverage for water losses to the Woodlands property in the amount of $16,250,000.00 as well as $3,986,979.00 for lost business income and rents.

4. The Policy further provided Plaintiff with coverage for water losses to the Windchase property in the amount of $7,200,000.00 as well as $1,563,021.00 for lost business income and rents.

5. After suffering the water loss, Plaintiff timely notified Defendant of its loss, and otherwise complied with the Policy's requirements.

6. Defendant began to adjust the claim and made partial payments; however, those payments only covered a portion of the Plaintiff's total losses.

7. Plaintiff has requested full indemnity from the Defendant, however the Defendant has failed and refused to fully indemnify the Plaintiff.

8. Plaintiff brings this action seeking damages for Defendant's wrongful actions, including for breach of contract, breach of duty of good faith and fair dealing, and violations of Chapters 541 and 542 of the Texas Insurance Code.

## *II. Parties*

9. Plaintiff is a Delaware limited liability company with its primary place of business at 1177 E. 24th Street, Brooklyn, New York.

10. Defendant Colony Insurance Co. is a Virginia corporation with its principal place of business at 8720 Stony Point Parkway, Suite 400, Richmond, Virginia.

### *III. Jurisdiction and Venue*

11. This Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) as Plaintiff and Defendant are citizens of different States, and the amount in controversy exceeds $75,000.00 excluding interest and costs.

12. Venue in this district is appropriate pursuant to 28 U.S.C.A. § 1391 as it is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and because a substantial part of the property that is the subject of the action is situated here.

### *IV. Factual Background*

13. Plaintiff purchased the Policy from Defendant in 2020. The Policy had a one-year term, running from August 25, 2020 to August 26, 2021. A true and correct copy of the Policy is attached hereto as **Exhibit A**.

14. The Policy provided coverage for water damage to certain of Plaintiff's properties, located in Odessa, Texas.

15. On or about February 15, 2021, in the course of severe winter weather in the State of Texas, the Woodlands property suffered not less than $1,820,643.15 in frozen pipe water damage. The Windchase property suffered not less than $595,502.87 in frozen pipe water damage.

16. Plaintiff has also incurred lost business income as a result of the Loss at both the Woodlands property and Windchase property.

17. To date, Plaintiff has lost approximately $281,750.00 in business income at Woodlands property which continues to accrue.

18. To date, Plaintiff has lost approximately $199,572.00 in business income at Windchase property which continues to accrue.

19.  Plaintiff provided Defendant with timely notice of its claim, and in all respects satisfied its obligations under the Policy.

20.  Defendant initially began to adjust Plaintiff's claim, in accordance with the terms of the Policy.

21.  Defendant began to adjust the claim and made partial payments, however those payments only covered a portion of the Plaintiff's total losses.

22.  By letters dated December 15, 2022, Plaintiff, through counsel, provided Defendant with notice under Texas Insurance Code § 541.154 of Defendant's violation of Chapter 541 of that Code.

23.  Defendant's wrongful refusal to provide Plaintiff's with full indemnity constitutes a breach of contract; a breach of the common law duty of good faith and fair dealing owed to insureds; and a knowing violation of Chapters 541 and 542 of the Texas Insurance Code.

24.  Plaintiff therefore requests: damages in the amount of its water loss (less the prior payments and appropriate deductible); that the damages be trebled; attorneys' fees, and court costs; pre- and post-judgment interest at the rate of no less than 18%; and such other and further relief as is just under the circumstances.

## V. Causes of Action

### First Cause of Action Breach of Contract

25.  Plaintiff reasserts the allegations set forth elsewhere in the Complaint as if fully set forth herein.

26.  The Policy is a valid and enforceable contract between the parties.

27.  Plaintiff has performed and is prepared to perform all of its obligations under the Policy.

28. Under the terms of the Policy, Defendant was required to cover Plaintiff's water losses resulting from frozen and broken pipes and business income losses, less an appropriate deductible.

29. Defendant breached its contract by failing to cover Plaintiff's losses.

30. As a result of Defendant's breach, Plaintiff has suffered damages in excess of $75,000.00.

### Second Cause of Action Breach of Duty of Good Faith and Fair Dealing

31. Plaintiff reasserts the allegations set forth elsewhere in the Complaint as if fully set forth herein.

32. As a result of the relationship between Defendant and Plaintiff, Defendant had a duty to deal fairly and in good faith with Plaintiff

33. There was no reasonable basis for Defendant to fail to fully indemnify the Plaintiff for its water losses.

34. Defendant breached its duty of good faith and fair dealing by failing to fully indemnify the Plaintiff for its water losses.

35. Plaintiff suffered damages as a result of Defendant's breach of its duty of good faith and fair dealing.

### Third Cause of Action Breach of Texas Insurance Code Section 541

36. Plaintiff reasserts the allegations set forth elsewhere in the Complaint as if fully set forth herein.

37. Defendant has violated section 541 of the Texas Insurance Code by:

   A. Engaging in unfair claims settlement practices prohibited by Section 17.50(a)(4) of the DTPA and defined in Section 541.060(a)(1) of the Texas

      Insurance Code by misrepresenting to the Insured a material fact of policy provision relating to coverage at issue;

B. Engaging in unfair claims settlement practices prohibited by Section 17.50(a)(4) of the DTPA and defined in Section 541.060(a)(2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

C. Engaging in unfair claims settlement practices prohibited by Section 17.50(a)(4) of the DTPA and defined in Section 541.060(a)(3) of the Texas Insurance Code by failing to promptly provide a reasonable explanation of the basis in the policy for Colony's underpayment of the claim;

D. Engaging in unfair claims settlement practices prohibited by Section 17.50(a)(4) of the DTPA and defined in Section 541.060(a)(4) of the Texas Insurance Code by failing within a reasonable time to affirm or deny coverage or submit a reservation of rights;

E. Engaging in unfair claims settlement practices prohibited by Section 17.50(a)(4) of the DTPA and defined in Section 541.060(a)(7) of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

38. Defendant was put on notice that its liability was reasonably clear by Plaintiff's December 15, 2022 correspondence to Defendant, which demonstrated that the cause and amounts of the covered losses.

39. Plaintiff's December 15, 2022 correspondence provided Notice to Defendant under Texas Insurance Code § 541.154 of Defendant's violation of Chapter 541 of that Code.

40. Defendant knowingly committed its violations of section 541 of the Texas Insurance Code.

41. More than 60 days have elapsed from the date of the Notice under Texas Insurance Code § 541.154.

### *Fourth Cause of Action Breach of Texas Insurance Code Section 542*

42. Plaintiff reasserts the allegations set forth elsewhere in the Complaint as if fully set forth herein.

43. Defendant violated Texas Insurance Code § 542 by:

44. Failing to timely investigate and pay the claims in violation of the Prompt Payment of Claims Act, Chapter 542, Subchapter B of the Texas Insurance Code.

   A. Representing that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law;

   B. Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

   C. Refusing, failing, or unreasonably delaying an offer of settlement under applicable first party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provide in the policy;

   D. Undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, provided that this prohibition does not apply to a compromise settlement of a doubtful or disputed claim;

   E. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim; and

   F. Failing to disclose any matter required by law to be disclosed, including a failure to make disclosure in accordance with another provision of the Texas Insurance Code.

45. Defendant was put on notice that its liability was reasonably clear by Plaintiff's December 15, 2022 correspondence to Defendant, which demonstrated that the cause and amounts of the covered losses.

46. Defendant knowingly committed its violations of section 542 of the Texas Insurance Code.

## VI.  Jury Demand

Plaintiff hereby demands a trial by jury on all issues which may be tried by a jury

## VII.  Relief Requested

**WHEREFORE,** Plaintiff requests that after final hearing, Plaintiff should have judgment against Defendant for:

1. Damages of not less than $2,897,468.02, subject to the application of an appropriate deductible, in an amount to be determined by the trier of fact;

2. Treble damages;

3. Exemplary or punitive damages in an amount to be determined by the trier of fact as allowed by law and under Texas Insurance Code § 541;

4. Penalties at the rate of eighteen percent (18%) per year on the amount of the claim, as allowed under Texas Insurance Code § 542.060;

5. Plaintiff's reasonable attorneys' fees, including for pre-trial matters, trial and any appeal;

6. Pre-judgment and post-judgment interest at the highest rates allowed by law;

7. Costs of Court; and

8. Such other and further relief, both general and special, at law and/or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

 /s/ Jeffrey L. Raizner
**RAIZNER SLANIA, LLP**
Jeffrey L. Raizner, Esq.
W.D. Tex. Bar No. 00784806
2402 Dunlavy Street, Suite 300
Houston, Texas 77006
Tel: (713) 554-9099
jraizner@raiznerlaw.com

and


 /s/ Frank P. Winston
**LERNER, ARNOLD & WINSTON, LLP**
Frank P. Winston, Esq.
S.D. Tex. Bar No. 3278434
*(Western District Admission Pending*)
286 Fifth Avenue, 12th Fl.
New York, New York 10001
Tel: (212) 686-4655
 fwinston@lawpartnersllp.com