IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **ODESSA VENTURES, LLC,**<br>   *Plaintiff*,<br><br>v.<br><br>**COLONY INSURANCE COMPANY,**<br>   *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | MO:23-CV-00028-DC |

### ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THE COURT is United States Magistrate Judge Ronald C. Griffin's Report and Recommendation ("R&R") filed in the above-captioned cause on June 2, 2023, in connection with Defendant Colony Endurance Company's Motion to Compel Arbitration and to Dismiss, or in the Alternative, to Stay. (Doc. 18) This matter was referred to the Magistrate Judge.[1] Neither party filed objections, and the deadline to do so has expired.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within 14 days after being served with a copy of the findings and recommendations.[2] Failure to file written objections to the R&R within 14 days after being served with a copy shall bar that party from *de novo* review by the district court of the proposed findings and recommendations.[3]

---

[1] *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72.
[2] 28 U.S.C. § 636(b)(1).
[3] *Id.*

What's more, except upon grounds of plain error, it shall also bar the party from appellate review of proposed factual findings and legal conclusions accepted by the district court to which no objections were filed.[4]

Having reviewed the R&R, the Court finds it neither clearly erroneous nor contrary to law. Therefore, the Court **ADOPTS** the R&R and **GRANTS** Defendant's Motion in part.

It is therefore **ORDERED** that Defendant's Motion to Compel Arbitration be **GRANTED**. (Doc. 9).

It is also **ORDERED** that the case be **ADMINISTRATIVELY CLOSED** pending conclusion of the arbitration proceedings.

It is so **ORDERED**.

**SIGNED** this 20th day of July, 2023.

**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**

---

[4] *Id.*; *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989) (per curiam).